ACCEPTED
14-15-00614
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 2:44:33 PM
CHRISTOPHER PRINE
CLERK

## No. 14-15-00614-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 2:44:33 PM
CHRISTOPHER A. PRINE
Clerk

### IN THE COURT OF APPEALS
### FOR THE FOURTEENTH DISTRICT OF TEXAS

**MAXIM CRANE WORKS, L.P. ,**

*Appellant*

**V.**

**BERKEL & COMPANY CONTRACTORS, INC.**

*Appellee*

**Appeal from the 149th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 75576-CV**

**BERKEL & COMPANY CONTRACTORS, INC.'S**
**OBJECTIONS TO MEDIATION & ABATEMENT ORDER**

Thomas C. Wright
State Bar No.22059400
Jessica Z. Barger
State Bar No. 24032706
Garrett A. Gibson
State Bar No. 24069024
**WRIGHT & CLOSE, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (fax)

Reagan W. Simpson
State Bar No. 18404700
**YETTER COLEMAN LLP**
909 Fannin Street, Suite 3600
Houston, Texas 77010
Tel. 713-632-8000
Fax 713-632-8002

**TO THE HONORABLE FOURTEENTH COURT OF APPEALS:**

Appellee, Berkel & Company Contractors, Inc. ("Berkel") files this objection to this Court's mediation order, and respectfully shows the Court as follows.

## INTRODUCTION

The Court's mediation order is premature because Maxim's appeal for indemnity and defense costs is not ripe as this is an appeal from a final judgment, signed on June 17, 2015, against Berkel and Maxim for damages in excess of $43 million. (*See* Ex. A, Final Amended Judgment) Maxim entered into a settlement with Plaintiff for its portion of the judgment. Berkel, however, responsible for 90 percent of the judgment, has filed a motion for new trial—set to be heard on August 31, 2015.  Berkel's notice of appeal (in the event a new trial is not granted) is not due until September 15, 2015.

Maxim's attorney's fees and indemnity claims is contingent on the outcome of any appeal on the merits in this case.  (*See* Ex. B, Maxim's supplemental motion for entry of judgment on Maxim's Cross Action Against Berkel)  In sum, mediation in Maxim's appeal premature until there has been a final outcome on the merits – either in the trial court or on appeal – on the issues between Plaintiffs and Berkel.

## REASONS SUPPORTING OBJECTIONS TO MEDIATION

Appellee Berkel and Appellant, Maxim, were co-defendants in the underlying trial court proceedings in Brazoria County. At the conclusion of trial, the jury found Berkel 90% responsible and Maxim 10% responsible for the underlying incident, a construction accident in which the plaintiff's leg was severed. The jury awarded over $43 million to Plaintiff, his wife, and his daughter. (*See* Ex. A, Final Amended Judgment) Maxim has settled with Plaintiffs, but continues to pursue its indemnity and breach of contract claims against Berkel.

Maxim advised the trial court that its claim for relief against Berkel was dependent on the outcome of the arguments Berkel is making in the trial court and anticipates making on appeal if necessary. Berkel's motion for new trial is scheduled to be heard by the trial court on August 31, 2015. (*See* Ex. C, Notice of Hearing) Berkel's notice of appeal would not be due until September 15, 2015. Since Maxim's claims are contingent – at least in part – on the outcome of the merits of Berkel's arguments, this Court should withdraw its mediation order until the claims of Plaintiffs against Berkel have been finally resolved on appeal.

### Conclusion

For the foregoing reasons, Berkel & Company Contractors, Inc. respectfully requests that this Court withdraw its mediation and abatement order of August 20, 2015.

Respectfully submitted,

/s/ *Jessica Z. Barger*
Thomas C. Wright
State Bar No.22059400
Jessica Z. Barger
State Bar No. 24032706
Garrett A. Gibson
State Bar No. 24069024
**WRIGHT & CLOSE, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (fax)
wright@wrightclose.com
barger@wrightclose.com
gibson@wrightclose.com

/s/ *Reagan W. Simpson*
Reagan W. Simpson
State Bar No. 18404700
**YETTER COLEMAN LLP**
909 Fannin Street, Suite 3600
Houston, Texas 77010
Tel. 713-632-8000
Fax 713-632-8002
rsimpson@yettercoleman.com

**ATTORNEYS FOR APPELLEE,
BERKEL & COMPANY
CONTRACTORS, INC.**

4

## CERTIFICATE OF CONFERENCE

I certify that I conferred with opposing counsel on August 29, 2015 regarding the filing of this motion. This motion is opposed.

*/s/ Jessica Z. Barger*
Jessica Z. Barger

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case, identified below, on **August 31, 2015**, electronically through the electronic filing manager and or via facsimile in compliance with the Texas Rules of Civil Procedure:

Kurt B. Arnold
M. Paul Skrabanek
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
713-222-3850 (fax)
e-service@arnolditkin.com

Charles "Chuck" L. Clay, Jr.
**CHUCK CLAY & ASSOCIATES**
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Chuck@chuckclay.com

Ann E. Knight
**J DIAMOND AND ASSOCIATES PLLC**
1010 N. San Jacinto
Houston, TX 77002
713-227-6801 (fax)
ann@jdiamondandassociates.com

John D. Dwyer
**GORDON & REES LLP**
633 West Fifth street, 52nd Floor
Los Angeles, CA 90071
213-680-4470 (fax)

Steven D. Selbe
**GORDON & REES, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027
713-961-3938 (fax)
sselbe@gordonrees.com

*/s/ Jessica Z. Barger*
Jessica Z. Barger

5

CAUSE NO. 75576-CV

| | | |
|---|---|---|
| TYLER LEE AND LEIGH ANN LEE INDIVIDUALLY AND AS NEXT FRIEND OF SYDNEY ROSE LEE, MINOR | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § | |
| VS. | § § | BRAZORIA COUNTY, TEXAS |
| BERKEL & COMPANY CONTRACTORS, INC., MAXIM CRANE WORKS, L.P., DIXON EQUIPMENT SERVICES, INC., FLOYD DIXON, ISAAC DOLAN, JAMES DAVIDSON ANDREW BENNETT, AND LINK-BELT CONSTRUCTION EQUIPMENT CO. | § § § § § § § § | |
| *Defendants* | § | 149TH JUDICIAL DISTRICT |

## AMENDED FINAL JUDGMENT

On Monday, April 20, 2015, this case was called to trial. Plaintiffs Tyler Lee and Leigh Ann Lee, individually and as next friend of Sydney Rose Lee, a minor, appeared in person and through their attorneys and announced ready for trial. Defendants Berkel & Company Contractors, Inc. ("Berkel") and Maxim Crane Works, L.P. ("Maxim") appeared through their attorneys and announced ready for trial.

Prior to the beginning of trial, Defendant Link-Belt Construction Equipment Co. and Plaintiffs announced a confidential settlement of $1,000,000, which is treated as a credit in this Judgment.

A jury of twelve qualified jurors of Brazoria County (with two alternates) were selected, sworn, and empanelled, after which the jury heard the evidence and the arguments of counsel. Following the conclusion of evidence, in response to the jury charge, the jury made findings that the Court received, filed and entered as record on May 6, 2015. The questions submitted to the jury and the jury's findings are attached as Exhibit A and incorporated by reference.

The jury found Defendant Berkel 90% responsible for the occurrence and found Defendant Maxim 10% responsible for the occurrence.

1

Exhibit A

After trial but prior to the entry of this Judgment, Defendant Maxim and Plaintiffs reached a settlement of $3,544,300.60, which is treated as a credit in this Judgment.

The Court hereby renders judgment for Plaintiffs against Berkel.

The Court orders that Plaintiff Tyler Lee recover damages jointly and severally from Defendant Berkel in the sum of $38,744,866.13, prejudgment interest of $387,805.81 (calculated on past damage award of $5,572,800 at the annual rate of 5% for an accrual period of 509 days), court costs and post-judgment interest at the annual rate of 5% until paid, together with all costs of court, including costs incurred in enforcement and collection.

The Court orders that Plaintiff Leigh Ann Lee, individually, recover damages jointly and severally from Defendant Berkel in the sum of $174,357.14, prejudgment interest of $6,263.01 (calculated on past damage award of $90,000 at the annual rate of 5% for an accrual period of 509 days), court costs, and post-judgment interest at the annual rate of 5% until paid, together with all costs of court, including costs incurred in enforcement and collection.

The Court orders that Plaintiff Leigh Ann Lee, as next friend of Sydney Rose Lee, a minor, recover damages jointly and severally from Defendant Berkel in the sum of $479,482.13, prejudgment interest of $3,131.51 (calculated on past damage award of $45,000 at the annual rate of 5% for an accrual period of 509 days), court costs, and post-judgment interest at the annual rate of 5% until paid, together with all costs of court, including costs incurred in enforcement and collection.

The Court orders that Maxim's Defense Fees, Costs and Expenses are as follows:

| | |
|---|---|
| Attorney's fees-- | $327,000.00; |
| Expert witness expenses/costs-- | $106,000.00; |
| Miscellaneous expenses/costs-- | $30,000.00; and |
| Trial expenses/costs-- | $41,600.00 |

2

Exhibit A

Total Defense Fees, Costs, and Expenses are:                    $504,600.00

The Court additionally orders that pursuant to the jury's findings as to the negligence questions in the Court's Jury Charge, and Chapter 151 of The Texas Insurance Code, Maxim is not entitled to reimbursement of Maxim's Defense Fees, Costs, and Expenses of and from Berkel;

The Court hereby renders judgment for Berkel against Maxim on Maxim's Cross Action.

All relief not expressly granted by this Judgment is denied.  This judgment is final, disposes of all claims and parties, and is appealable.

The Court orders execution to issue for this Judgment.

SIGNED this __19__ day of June, 2015.

_____
HONORABLE JUDGE TERRI HOLDER

3

<span style="color:red">Exhibit A</span>

CAUSE NO. 75576-CV

| | | |
|---|---|---|
| TYLER LEE AND LEIGH ANN LEE INDIVIDUALLY AND AS NEXT FRIEND OF SYDNEY ROSE LEE, MINOR | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § § | |
| VS. | § § | BRAZORIA COUNTY, TEXAS |
| BERKEL & COMPANY CONTRACTORS, INC., MAXIM CRANE WORKS, L.P., DIXON EQUIPMENT SERVICES, INC., FLOYD DIXON, ISAAC DOLAN, JAMES DAVIDSON ANDREW BENNETT, AND LINK-BELT CONSTRUCTION EQUIPMENT CO. | § § § § § § § § | |
| *Defendants* | § | 149TH JUDICIAL DISTRICT |

## MAXIM'S SUPPLEMENTAL MOTION FOR ENTRY OF JUDGMENT ON MAXIM'S CROSS ACTION AGAINST BERKEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MAXIM CRANE WORKS, L.P.** a Defendant in the above numbered and referenced matter (hereinafter "Maxim") and files this *Supplemental Motion for Entry of Judgment on Maxim's Cross Action Against Berkel*, and in support thereof would respectfully show as follows:

### I.

At the post-verdict hearings held on June 8, 2015, Berkel again, through a Motion for JNOV, a Motion to Disregard, and a Motion for Entry of Judgment, asked the court to find that Berkel is entitled to the workers' compensation bar to suit and that the Lees' claims and verdict against Berkel should, as a matter of law, be disposed of by the court—i.e. that the Lees should take nothing of and from Berkel *(hereinafter may sometimes be referred to as "Berkel's Comp Bar Argument")*. The court has taken Berkel's arguments under

Exhibit B

**advisement; thus, the reason why Maxim has filed this *Supplemental Motion for Entry of Judgment on Maxim's Cross Action Against Berkel.***

## II.

Maxim hereby adopts and incorporates by reference, as if the same was fully set forth herein below, its previously filed *Motion for Entry of Judgment as to Maxim's Cross Action Against Berkel (and Exhibits)*, which was filed on or about June 4, 2015. Hereinafter referred to as the "Original Motion for Entry of Judgment." The Original Motion for Entry of Judgment was based upon the facts and status of the case that existed at the time said pleading was filed. Specifically, that Berkel was not considered Mr. Lee's employer for purposes of the Texas Worker's Compensation Act, and so did not have the benefit of the workers compensation bar to suit by the Lees. Under that set of circumstances and facts, Maxim acknowledges that pursuant to Chapter 151 of the Texas Insurance Code (the Texas Anti-Indemnity Act) it would not be entitled to indemnity of and from Berkel; however, Maxim is of the opinion that it would be entitled to its defense costs of and from Berkel, **but only to the extent** caused in whole or in part by any negligent act or omission or any intentional act of Berkel. See the language of Chapter 151 below:

> Sec. 151.102. AGREEMENT VOID AND UNENFORCEABLE.
>
> Except as provided by Section 151.103, a provision in a construction contract, or in an agreement collateral to or affecting a construction contract, is void and unenforceable as against public policy *to the extent* that it requires an indemnitor to indemnify, hold harmless, or defend a party, including a third party, against a claim *caused* by the negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract *of the indemnitee,* its agent or employee, or any third party under the control or supervision of the indemnitee, other than the indemnitor or its agent, employee, or subcontractor of any tier. [*Emphasis added*]

Exhibit B

In the Charge submitted to the jury by the court, MAXIM was assessed 10% responsible, and BERKEL was assessed 90% responsible, in the negligence/liability questions. *See Exhibit D, herein.* Therefore, it is Maxim's position that it is entitled to reimbursement of 90% of its defense costs.

Contrary to Berkel's assertions, when the anti-indemnity provisions of Chapter 151 are reviewed, the intent of the statute is clear, that is, to avoid both defense and indemnification and additional insured clauses/provisions that purport to indemnify the indemnitee/additional insured for *its own negligence or fault, but not void the indemnity provision in its entirety.* The indemnity provision is unenforceable *to the extent* that it requires the indemnitor to indemnify the indemnitee for the *indemnitee's negligence.* The Bare Rental Agreement between Maxim and Berkel does not require Berkel to defend and indemnify Maxim for Maxim's own negligence. Rather, the Agreement states Berkel shall do so "**but only to the extent** caused in whole or in part by any negligent act or omission or any intentional act of **Lessee (Berkel)**..."

**However, in the event that this court, post-verdict, or some appellate court in the future, agrees with Berkel's Comp Bar Argument and concludes that Berkel was Tyler Lee's employer at the time of incident at issue and that, therefore, Berkel is entitled to the workers' compensation bar to suit, that the Lees' claims and verdict against Berkel should, as a matter of law, be dismissed, and that the Lees should take nothing of and from Berkel, then it is Maxim's position that it is entitled to not only 90% of its defense costs, <u>but also to indemnity,</u> of and from Berkel in the amount of the verdict returned by the jury in this case.** Chapter 151 supports Maxim's position as to indemnity under the above described facts and circumstances. See the Exception to Chapter 151 set forth below:

Exhibit B

Sec. 151.103. EXCEPTION FOR EMPLOYEE CLAIM.

Section 151.102 does not apply to a provision in a construction contract that requires a person to indemnify, hold harmless, or defend another party to the construction contract or a third party against a claim for the bodily injury or death of an employee of the indemnitor, its agent, or its subcontractor of any tier.

So, if Berkel is allowed to utilize the workers compensation bar to suit as a defense to the Lee claims and verdict, then, pursuant to Chapter 151.103 and the Bare Rental Agreement, Berkel would be considered Lee's employer, the exception to the Anti-Indemnity Statute would apply, and Berkel would owe Maxim both **defense and indemnity.**

## III.

Pursuant to its Original Motion for Entry of Judgment, Maxim submitted two proposed Judgments for the Court to consider as to the defense costs issue—one in favor of Maxim, and one in favor of Berkel. At the June 8, 2015 post-verdict hearing, Maxim made its position as to these proposed Judgments clear—either the court should enter the appropriate Judgment as a "Partial Judgment" and do so before the entry of the Final Judgment, or the court should take the applicable wording of the appropriate Judgment and paste it into the Final Judgment that the court ultimately elects to enter in the case.

## IV.

However, in the event that the Court embraces ***Berkel's Comp Bar Argument*** and is inclined to issue a ruling/Judgment accordingly, then Maxim attaches another proposed Judgment for the court's consideration. See Exhibit "A". Like the other two Judgments previously proffered by Maxim, if the court elects to go with the Judgment attached as Exhibit "A", then the Court should enter said Judgment as a "Partial Judgment" and do so before the entry of the Final Judgment, or the Court should take the applicable wording of said Judgment and paste it into the Final Judgment that the court ultimately elects to enter in the case.

Exhibit B

The Judgment attached as Exhibit "A" permits Maxim, under the circumstance wherein Berkel's Comp Bar Argument is embraced by the Court, to recover indemnity of and from Berkel (pursuant to Chapter 151.103 and the Bare Rental Agreement) in the amount found by the jury in their verdict from the trial of this case.

## V. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, MAXIM CRANE WORKS, L.P.,** prays that if the court is inclined to issue a Judgment in favor of Berkel on the workers compensation bar to suit, then MAXIM moves the court to enter a Partial or Final Judgment in accordance with the Judgment attached hereto as Exhibit "A," in the above numbered and captioned matter; and for such other and further relief, both general and special, at law and in equity to which MAXIM may otherwise be justly entitled.

Respectfully submitted,

**J. DIAMOND & ASSOCIATES, PLLC**

_____/s/ Jeffrey L. Diamond_____
Jeffrey L. Diamond
    State Bar No. 05802500
Ann E. Knight
    State Bar No. 00786026
1010 N. San Jacinto Street
Houston, Texas 77002
Tel: (713) 227-6800
Fax: (713) 227-6801
jeff@jdiamondandassociates.com
ann@jdiamondandassociates.com

Attorneys for Defendants:
**Maxim Crane Works, L.P., and James Davidson**

Exhibit B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing instrument was served upon all known counsel of record via facsimile, hand delivery, and/or certified mail, return receipt requested, on the 9th day of June, 2015.

Kurt B. Arnold
**ARNOLD & ITKIN**
6009 Memorial Drive
Houston, TX 77007

Andrew T. McKinney IV
D. Douglas Mena
**LITCHFIELD CAVO LLP**
One Riverway, Suite 1000
Houston, TX 77056

Charles Lloyd Clay, Jr.
**CHUCK CLAY & ASSOCIATES, LLC.**
3280 Peachtree Road NE, Suite 2050
Atlanta, GA 30305

Jerry B. Dozier
**LAW OFFICE OF JERRY B. DOZIER**
2318 Koster Road
Alvin, TX 77511

John Dwyer
**GORDON & REES, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Russell S. Post
**Beck Redden LLP**
1221 McKinney, Suite 4500
Houston, TX 77010

Steven D. Selbe
**GORDON & REES, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027

Justin Gilbert
**GILBERT & FUREY**
222 North Velasco Street
Angleton, TX 77515


/S/ Jeffrey L. Diamond
Ann E. Knight

Exhibit B

# EXHIBIT "A"

Exhibit B

| | | |
|---|---|---|
| TYLER LEE AND LEIGH ANN LEE | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SYDNEY ROSE LEE, MINOR | § | |
| | § | |
| *Plaintiff* | § | |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| BERKEL & COMPANY CONTRACTORS, | § | |
| INC., MAXIM CRANE WORKS, L.P., DIXON | § | |
| EQUIPMENT SERVICES, INC., FLOYD | § | |
| DIXON, ISAAC DOLAN, JAMES DAVIDSON | § | |
| ANDREW BENNETT, AND LINK-BELT | § | |
| CONSTRUCTION EQUIPMENT CO. | § | |
| | § | |
| *Defendants* | § | 149TH JUDICIAL DISTRICT |

## JUDGMENT

On April 20th, 2015, the Court called this case for trial. All parties appeared in person and through their respective attorneys, and announced ready for trial. The Court summoned a jury panel and a qualified jury of twelve (plus two alternates) was sworn to be the jury and that jury, together with the Court, proceeded to hear the evidence with that jury retiring to consider the verdict and thereafter returning its verdict into open court.

**MAXIM CRANE WORKS, L.P.** and **JAMES DAVIDSON** (collectively "MAXIM") filed a cross action against **BERKEL & COMPANY CONTRACTORS, INC.,** ("BERKEL") on or about June 12, 2014, for breach of contract. MAXIM'S cross action was based upon the Bare Rental Agreement between it and BERKEL. At the Jury Charge Conference, MAXIM requested that a Breach of Contract question be submitted to the jury for consideration, but the submission of same was objected to by BERKEL and sustained by the Court. A Breach of Contract question was not submitted to the jury in the Court's Charge.

The jury returned a verdict that found both defendants negligent. In the Charge submitted to the jury by the Court, MAXIM was assessed 10% responsible, and BERKEL was assessed

<span style="color:red">Exhibit B</span>

90% responsible, in the negligence/liability questions. The Jury also found for the Plaintiffs in the damages questions contained in the court's Jury Charge.

Whether MAXIM was entitled to reimbursement of its defense costs had previously been submitted to the court for consideration via BERKEL'S Motion for Summary Judgment. MAXIM filed responsive pleadings to BERKEL'S Motion and BERKEL, in turn filed a Reply to same. On February 24, 2015, the Court issued an Order denying BERKEL'S Motion.

At the Charge Conference, BERKEL argued and the Court concluded, that MAXIM'S cross claim should not be couched in terms of breach of contract, but instead was a question of law to be decided pursuant to Chapter 151 of the Texas Insurance Code (the Texas Anti-Indemnity Act). Accordingly, both BERKEL and MAXIM agreed that MAXIM'S defense fees, costs and expenses should be submitted to the court for consideration outside the presence of the jury and the same was submitted to the judge via sworn testimony on May 6th, 2015.

**THEREFORE, THE COURT ORDERS THAT** MAXIM'S claim for reimbursement of its defense fees, costs and expenses is governed by Chapter 151 of the Texas Insurance Code (the Texas Anti-Indemnity Act) and by the Bare Rental Agreement entered into by MAXIM and BERKEL, and is a question of law for the court.

**THEREFORE, THE COURT FURTHER ORDERS THAT** MAXIM'S defense fees, costs and expenses are as follows:

| | |
|---|---|
| Attorney's fees-- | $327,000.00; |
| Expert witness expenses/costs-- | $121,800.00; |
| Miscellaneous expenses/costs-- | $30,000.00; and |
| Trial expenses/costs-- | $41,695.00 |
| **TOTAL DEFENSE FEES, COSTS AND EXPENSES** | **$540,495.00** |

The **COURT ADDITIONALLY ORDERS** that pursuant to the jury's findings as to the negligence questions in the Court's Jury Charge, the Bare Rental Agreement between BERKEL

Exhibit B

and MAXIM, and Chapter 151 of The Texas Insurance Code, BERKEL is to reimburse Maxim 90% of MAXIM'S TOTAL DEFENSE FEES/EXPENSES/COSTS, which amounts to **$486,445.50.**

The **COURT ADDITIONALLY ORDERS** that pursuant to its decision(s) regarding BERKEL'S request for relief under the Texas Workers' Compensation Act's bar to suit, MAXIM'S claim for indemnity is governed by the Bare Rental Agreement entered into by MAXIM and BERKEL, and Chapter 151.103 of the Texas Insurance Code (the Texas Anti-Indemnity Act), and is a question of law for the court.

Accordingly, the **COURT ORDERS** that pursuant to the jury's findings as to the negligence and damages questions in the Court's Jury Charge, the Bare Rental Agreement between BERKEL and MAXIM, and Chapter 151.103 of The Texas Insurance Code, BERKEL is to indemnify and pay Maxim the sum of $3,444,300.60, which is the amount of the verdict the jury returned against Maxim.

**THE COURT DENIES** all further relief not granted in this judgment.

**SIGNED** this _____ day of June, 2015.

_____
**HONORABLE JUDGE TERRI HOLDER**

Exhibit B

Filed for Record
7/17/2015 1:44:05 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
75576-CV
Kelley Hanson, Deputy

CAUSE NO. 75576-CV

| | | |
|---|---|---|
| TYLER LEE AND LEIGH ANN LEE, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF SYDNEY ROSE LEE, | § | |
| MINOR | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| BERKEL & COMPANY | § | |
| CONTRACTORS, INC., MAXIM | § | |
| CRANE WORKS, L.P., DIXON | § | |
| EQUIPMENT SERVICES, INC., FLOYD | § | |
| DIXON, ISAAC DOLAN, JAMES | § | |
| DAVIDSON, ANDREW BENNETT, | § | |
| AND LINK-BELT CONSTRUCTION | § | |
| EQUIPMENT CO. | § | |
| | § | |
| Defendants | § | 149TH JUDICIAL DISTRICT |

## NOTICE OF ORAL HEARING

PLEASE TAKE NOTICE that *Berkel & Company Contractors, Inc.'s Amended Motion for New Trial and Motion for Remittitur* has been set for Monday, **August 31, 2015 at 9:00 a.m.** in the 149th District Court, Brazoria County, Texas.

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright
State Bar No. 22059400
Jessica Z. Barger
State Bar No. 24032706
Garrett A. Gibson
State Bar No. 24069024
**WRIGHT & CLOSE, LLP**
One Riverway, Suite 2200
Houston, TX 77056

Exhibit C

713-572-4321
713-572-4320 (fax)
wright@wrightclose.com
barger@wrightclose.com
gibson@wrightclose.com

**ATTORNEYS FOR DEFENDANTS**
**BERKEL & COMPANY CONTRACTORS,**
**INC AND ANDREW BENNETT**

<span style="color:red">Exhibit C</span>

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case, identified below, on **July 17, 2015**, electronically through the electronic filing manager and or via facsimile in compliance with the Texas Rules of Civil Procedure:

Kurt B. Arnold
M. Paul Skrabanek
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
713-222-3850 (fax)
e-service@arnolditkin.com

Ann E. Knight
**J DIAMOND AND ASSOCIATES**
 **PLLC**
1010 N. San Jacinto
Houston, TX 77002
713-227-6801 (fax)
ann@jdiamondandassociates.com

Steven D. Selbe
**GORDON & REES, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027
713-961-3938 (fax)
sselbe@gordonrees.com

Charles "Chuck" L. Clay, Jr.
**CHUCK CLAY & ASSOCIATES**
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Chuck@chuckclay.com

John D. Dwyer
**GORDON & REES LLP**
633 West Fifth street, 52nd Floor
Los Angeles, CA 90071
213-680-4470 (fax)

*Thomas C. Wright*
Thomas C. Wright

Exhibit C